UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Rebecca Washington | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:16-cv-00309-SPB |
| | ) | |
| Credit One Bank, N.A. | ) | Magistrate Judge Susan Paradise Baxter |
| | ) | |
| Defendant. | ) | |

**Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES**

1.    **Identification of counsel and unrepresented parties**.  Set forth the names,  addresses, telephone and fax numbers and e-mail addresses of each unrepresented  party and of each counsel and identify the parties whom such counsel represent:

COUNSEL FOR PLAINTIFF:                    COUNSEL FOR DEFENDANT:

Craig Thor Kimmel                              Ross S. Enders
PA ID No. 57100                                 Sessions, Fishman, Nathan & Israel
Kimmel & Silverman, P.C.                    2303 Oxfordshire Road
30 E. Butler Pike                                 Furlong, PA 18925
Ambler, PA 19002                               Phone: (215) 794-7207
(215) 540-8888                                    Fax: (215) 794-5079
kimmel@creditlaw.com                       renders@sessions.legal

2.    **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action,  etc.):

Plaintiff has alleged that Credit One violated the Telephone Consumer Protection Act.

Credit One denies any and all violations, liability or wrongdoing under the law.  On April 24, 2017, Credit One filed its Answer and Affirmative Defenses (Dkt. 8) and incorporates said Answer and Affirmative Defenses herein.

3.    **Date Rule 26(f) Conference was held, the identification of those participating  therein and the identification of any party who may not yet have been served or  entered an appearance as of the date of said Conference:**

The Rule 26(f) conference has been held. Plaintiff is represented by Craig Thor Kimmel and Defendant is represented Ross S. Enders.

4.    **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court**:  (Lead  Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling  Conference with their calendars in hand for the purpose of scheduling other pre-trial  events and procedures,

1

including a Post-Discovery Status Conference; Counsel and  unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to  discuss the anticipated number of depositions and identities of potential deponents and  the anticipated dates by which interrogatories, requests for production of documents and  requests for admissions will be served):

The Rule 16 Initial Scheduling Conference is scheduled for May 16, 2017 at 10:00 a.m.  The parties filed a joint motion to appear telephonically, which was granted by this Court.

5.   **Identify any party who has filed or anticipates filing a dispositive motion pursuant  to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be  filed:**

Plaintiff does not anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12.  Credit One is considering a motion to dismiss and/or motion to stay on the grounds that plaintiff's claims, if any, are subject to binding arbitration as an authorized user of the Credit One credit card, to the extent that plaintiff will not agree to stipulate to arbitration.

6.   **Designate the specific Alternative Dispute Resolution (ADR) process the parties  have discussed and selected, if any, and specify the anticipated time frame for  completion of the ADR process.  Set forth any other information the parties wish  to communicate to the court regarding the ADR designation:**

Plaintiff does not believe that any ADR program is appropriate at this time.
Credit One asserts that plaintiff's claims, if any, are subject to binding arbitration through AAA. If plaintiff will not stipulate to arbitration through AAA, then Credit One intends to file a motion to dismiss and/or motion to stay.

7.   **Set forth any change that any party proposes to be made in the timing, form or  requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is  opposed by any other party, whether any party has filed a motion seeking such  change and whether any such motion has been ruled on by the Court**:

None.

8.   **Subjects on which fact discovery may be needed**.  (By executing this report, no party  shall be deemed to (1) have waived the right to conduct discovery on subjects not listed  herein or (2) be required to first seek the permission of the Court to conduct discovery  with regard to subjects not listed herein):

Plaintiff anticipates conducting discovery including interrogatories, request for admissions and request for production, as well as deposition testimony, regarding the factual circumstances surrounding plaintiff's claims and the issues set forth above.

Credit One contemplates it will require discovery from plaintiff, including interrogatories, request for admissions and request for production, as well as deposition testimony, regarding the factual circumstances surrounding plaintiff's claims and the issues set forth above.  Credit

2

One also contemplates it will require a subpoena for plaintiff's telephone records during the time period at issue.

9.    **Set forth suggested dates for the following** (The parties may elect by agreement to schedule a Post-Discovery Status Conference, as identified in Paragraph 12, below, at the conclusion of Fact-Discovery rather than at the conclusion of Expert Discovery. In that event, the parties should provide suggested dates only for the events identified in sub-paragraphs 9.a through 9.e, below. The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to):

a.    **Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:** Rule 26(a) disclosures will be served by June 1, 2017.

b.    **Date by which any additional parties shall be joined:** June 15, 2017

c.    **Date by which the pleadings shall be amended:** June 15, 2017

d.    **Date by which fact discovery should be completed:** October 1, 2017

e.    **If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:** N/A

f.    **Date by which plaintiff's expert reports should be filed:** N/A

g.    **Date by which depositions of plaintiff's expert(s) should be completed:** N/A

h.    **Date by which defendant's expert reports should be filed:** N/A

i.    **Date by which depositions of defendant's expert(s) should be completed:** N/A

j.    **Date by which third party expert's reports should be filed:** N/A

k.    **Date by which depositions of third party's expert(s) should be completed:** N/A

10.    If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:

None at this time.

11.    Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):

3

a. **ESI.** Is either party seeking the discovery of ESI in this case?
X - Yes      □  No

b. **ESI Discovery Plan.** The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and:

X  Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by October 1, 2017.
□  Have developed an ESI discovery plan (as attached).
□  Will have an ESI discovery plan completed by
□  NOTE:  At the direction of the Court, parties may be required to submit a draft of the Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation set forth in "Appendix LCvR 26.2.E-MODEL ORDER" to the Local Rules, to address specific issues relative to the parties' exchange of electronic discovery and ESI.  If the parties are unable to do so, they should advise the Court promptly.

c. **Preservation.** Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?
X Yes      □  No

d. **ADR.** Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?
□  Yes      X No

e. **Clawback Agreement**. The parties have reviewed F.R.C.P. 26(b)(5),  F.R.E. 502 and LCvR 16.1.D, Procedures Following Inadvertent Disclosure, and:

X Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "Appendix LCvR 16.1.D" to the Local Rules and filed with this Report.
□  Have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
□  Are unable to agree on appropriate non-waiver language.

f. **EDSM and E-Mediator.** Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case? For further information, see the Court's official website at http://www.pawd.uscourts.gov.
□  Yes      X No

g. **Other**. Identify all outstanding disputes concerning any ESI issues: None.

12. Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties

shall be prepared at the Post-Discovery Status Conference to discuss  and/or schedule the following:  (The parties are *not* required during their Rule 26(f)  Conference to consider or propose dates for the items identified below.  Those dates will  be determined, if necessary, at the Post-Discovery Status Conference.  Lead trial  counsel for each party and each unrepresented party are required to attend the Post-  Discovery Status Conference with their calendars in hand to discuss those items listed  below that require scheduling.  In addition, a representative with settlement authority of  each party shall be required to attend; representatives with settlement authority of any  insurance company providing any coverage shall be available throughout the  Conference by telephone):

The parties have elected to hold the Post-Discovery Status Conference following the close of fact discovery.

a.      **Settlement and/or transfer to an ADR procedure;**

b.      **Dates for the filing of expert reports and the completion of expert discovery  as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected  to defer such discovery until after the Post-Discovery Status Conference;**

c.      **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed;**

d.      **Dates by which parties' pre-trial statements should be filed;**

e.      **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed;**

f.      **Dates on which motions *in limine* and *Daubert* motions shall be heard;**

g.      **Dates proposed for final pre-trial conference;**

h.      **Presumptive and final trial dates.**

13.   Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):

The parties do not anticipate needing a special master.

15.   If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set

forth the position of each party with regard to each matter on which agreement has not been reached:

The parties have agreed on all aspects of the report.

16.     Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:

The parties have not yet discussed the possibility of settlement of this action.

COUNSEL FOR PLAINTIFF:

/s/ Craig Thor Kimmel
Craig Thor Kimmel
PA ID No. 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888
kimmel@creditlaw.com

COUNSEL FOR DEFENDANT:

/s/ Ross S. Enders
Ross S. Enders
Sessions, Fishman, Nathan & Israel
2303 Oxfordshire Road
Furlong, PA 18925
Phone: (215) 794-7207
Fax: (215) 794-5079
renders@sessions.legal

6