# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REBECCA WASHINGTON,** | ) | |
|     **Plaintiff,** | ) | **Civil Action No. 16-309Erie** |
| | ) | |
| v. | ) | **District Judge Rothstein** |
| | ) | |
| **CREDIT ONE BANK,** | ) | **Magistrate Judge Baxter** |
|     **Defendant.** | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is hereby recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.

### II. REPORT

Plaintiff sued Defendant for allegedly violating the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*, during its communications to collect a debt from a third party. After Defendant filed its Answer on April 24, 2017, Plaintiff's counsel attempted to contact Plaintiff to discuss the facts pled in Defendant's answer and impending discovery on April 28, 2017. Counsel telephoned and emailed Plaintiff and Plaintiff did not respond. Since that time, Plaintiff's counsel has made repeated attempts to contact Plaintiff by telephone, email, social media, and postal mail without success. See ECF No. 20; ECF No. 25.

Federal Rule of Civil Procedure 41(b) allows involuntary dismissals for failure to prosecute. It states: "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ. P. 41(b).

Dismissals under Rule 41(b), unless stated otherwise in the dismissal order, are "adjudication[s] on the merits." Id.

The propriety of punitive dismissals, including dismissals for failure to prosecute, must be considered in light of the factors outlined in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); Wesley v. Scharff, 2011 WL 5878053, at *2 (W.D. Pa. Sept.26, 2011). The Poulis factors are:

> (1) the extent of the party's personal responsibility;
>
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
> (3) a history of dilatoriness;
>
> (4) whether the conduct of the party or the attorney was willful or in bad faith;
>
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
> (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868 (emphasis removed).

Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). "[N]o single Poulis factor is dispositive." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). "In balancing these factors, there is no 'magical formula,' nor must they all be satisfied." Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 194 (3d Cir. 2010) (citing Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008)). When considering the imposition of this harsh sanction, courts, in close cases, should resolve doubts "'in favor of reaching a decision on the merits.'" Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 878 (3d Cir. 1994) (quoting Scarborough v.

Eubanks, 747 F.2d 871, 878 (3d Cir. 1984)). "Dismissal must be a sanction of last, not first, resort." Poulis, 747 F.2d at 869.

The Poulis analysis begins by delineating Plaintiff's personal responsibility for failing to respond to her own counsel's attempts to contact her. Plaintiff has failed to participate in the prosecution of her own case. Plaintiff has not responded to numerous attempts by her own counsel to contact her. The personal-responsibility factor favors dismissal. Next, the prejudice caused to Defendant by Plaintiff's failure to participate in discovery is obvious and favors dismissal. Plaintiff's unwillingness to communicate with her own counsel demonstrates a sufficient history of dilatoriness for dismissal.

Next, Poulis requires determining whether Plaintiff's conduct is willful or in bad faith. 747 F.2d at 868. It is not clear whether Plaintiff has acted willfully or in bad faith and this factor is neutral in this Court's analysis.

The fifth Poulis factor weighs dismissal versus the effectiveness of alternative sanctions. Id. While a monetary sanction may be an option, it makes little sense here. Plaintiff's whereabouts are unknown. The likelihood of Plaintiff suddenly emerging to actively litigate this case because of a monetary sanction is unlikely. In this case, dismissal is the most effective sanction.

Finally, the merits of Plaintiff's claims are impossible to analyze as this early stage of the litigation without her participation in discovery and so this factor weighs in favor of dismissal.

District courts must balance competing interests when considering Rule 41(b) motions to dismiss for failure to prosecute. On the one hand, "dismissals with prejudice . . . are drastic sanctions." Poulis, 747 F.2d at 867–68. On the other hand, Rule 1 provides that "[t]hese rules . . . . should be construed, administered, and employed by the court and the parties to secure the just,

speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. Weighing the six Poulis factors, Plaintiff's case should be dismissed due to her failure to prosecute.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Extensions of time will not be granted. Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 28, 2017

4